## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH
NATIONAL PENSION FUND, et al.,

      Plaintiffs,

v.                                Case No.   06-2234-KHV-DJW

CHICAGO BOILER & MECHANICAL, INC.,

      Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Change Venue (doc. 4) and Plaintiffs' Motion to Strike (doc. 5). For the reasons stated below, Plaintiff's Motion will be granted and Defendant's Answer and its Motion to Change Venue will be stricken.

### Nature of the Case

This action is brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect delinquent fringe benefit contributions, liquidated damages, interest thereon, costs and reasonable attorney's fees from the Defendant due and owing the Plaintiff Pension Trust.

### Relevant Facts

Plaintiff filed its Complaint on June 7, 2006. On July 6, 2006, Defendant – a corporation organized under and existing by virtue of the laws of the State of Illinois – filed an Answer and a Motion to Transfer Venue. Despite a contention in the first paragraph of Defendant's Answer that Defendant was answering through its attorney, both the Answer and the Motion were filed on behalf of the Defendant by Defendant's President, Jeffry Ketelsen. Mr. Ketelsen's status as an attorney is uncertain, and he is not admitted to practice in the District of Kansas.

**Discussion**

Plaintiffs contend the Court should strike Defendant's Answer and Defendant's Motion to Transfer Venue on grounds that Defendant corporation is not represented by counsel. The Court agrees. Defendant has violated the well-accepted rule that corporations may be represented in a court of record only by or through an attorney at law.[1] The Court shall apply the rule in this case.

Accordingly, the Court **grants** Plaintiff's Motion (doc. 5) and hereby **strikes** Defendant's Answer (doc. 3) and Defendant's Motion to Change Venue (doc. 4) in this matter.

To that end, the Court directs that **within thirty (20) days** of this Order, Defendant shall obtain counsel who will enter an appearance and file an Answer or other appropriate responsive pleading **within thirty (30) days** of the date of this Order. Of course, such counsel must be qualified to appear in this Court.

Finally, the Court hereby resets the August 31, 2006 telephone scheduling conference in this case to **2:00 p.m. on October 5, 2006.** The Report of Parties planning meeting shall be submitted no later than **September 28, 2006.**

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of August, 2006.

    s/ David J. Waxse
    David J. Waxse
    United States Magistrate Judge

cc:    All counsel and *pro se* parties

---

[1] *Flora Construction Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962), *cert. denied*, 371 U.S. 950 (1963); *Stephenson v. Barringer* 758 F.Supp. 657, 660 (D. Kan. 1991).